UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE DIEBOLD DERIVATIVE ) | LEAD CASE NO.  5:06CV0233 |
| LITIGATION ) | MEMBER CASE NO. 5:06CV0418 |
| ) | |
| ) | JUDGE SARA LIOI |
| ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |

This is a shareholders' derivative action. Before the Court are two motions to dismiss Plaintiffs' Consolidated Amended Shareholder Derivative Complaint (Doc. No. 26) (the "Complaint"). On August 1, 2007, Defendants Walden W. O'Dell, Eric C. Evans, Gregory T. Geswein, Louis V. Bockius III, David Bucci, Christoper M. Connor, Richard L. Crandall, John M. Crowther, Gale S. Fitzgerald, Michael J. Hillock, Kevin J. Krakora, Phillip B. Lassiter, John N. Lauer, William F. Massy, Thomas W. Swidarski, Robert Urosevich, and Henry D.G. Wallace (collectively, the "Individual Defendants") filed a motion to dismiss. (Doc. No. 27.) Also on August 1, 2007, nominal defendant Diebold, Inc., ("Diebold") filed its own motion to dismiss. (Doc. No. 30.)[1] Both the Individual Defendants and Diebold (collectively, "Defendants") seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1 based on Plaintiffs' failure to make a pre-litigation demand on Diebold's board of directors (the "Board") and Plaintiffs' failure to plead particularized facts showing that demand was excused as futile. Defendants also seek dismissal on the grounds that Plaintiffs' substantive claims are insufficient

---

[1] Diebold's motion to dismiss simply adopts and incorporates the arguments raised in the motion to dismiss filed by Individual Defendants.

1

as a matter of law, and/or fail to satisfy applicable pleading standards. Plaintiffs opposed the motions to dismiss (Doc. No. 31), and Defendants replied. (Doc. Nos. 32 & 34.)

**I. Factual and Procedural Background**

This shareholder derivative action arises out of allegations of corporate malfeasance at Diebold. Plaintiff Minna Recht initiated this action by filing her complaint on January 31, 2006. Co-Plaintiff Sam Weitschner filed a similar complaint on February 23, 2006. On October 20, 2006, the Court[2] entered an order consolidating the two derivative cases under the caption of the instant case. (Doc. No. 16.) Plaintiffs filed the Consolidated Amended Shareholder Derivative Complaint on May 15, 2007. The matter is now before the Court on motions to dismiss.

**II. Law and Analysis**

    **A. Motion to Dismiss**

The Complaint asserts six causes of action: (1) disgorgement (against O'Dell, Evans and Geswein) pursuant to Section 304 of the Sarbanes-Oxley Act of 2002 ("SOX"); (2) breach of fiduciary duty; (3) abuse of control; (4) gross mismanagement; (5) waste of corporate assets; and (6) unjust enrichment. Defendants move to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Dana Corp. v. Blue Cross & Blue Shield Mut.,* 900 F.2d 882 (6th Cir.1990); *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485 (6th Cir.1990). However, the Court need not accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478

---

[2] This case originally was assigned to the Honorable Peter C. Economus. It was transferred to the undersigned by order dated March 19, 2007.

U.S. 265, 268 (1986). A well-pleaded allegation is one that alleges specific facts and does not rely merely upon conclusory statements.

The only federal claim, and therefore the only basis for federal jurisdiction,[3] is the disgorgement action under SOX § 304. This claim relates to only three of the seventeen Individual Defendants. Every court that has considered whether SOX § 304 provides a private right of action has answered that question in the negative. *See, e.g., Neer v. Pelino*, 389 F.Supp.2d 648, 652 (E.D. Pa. 2005); *In re BISYS Group Derivative Action*, 396 F.Supp.2d 463, 464 (S.D.N.Y. 2005); *Kogan v. Robinson*, 432 F.Supp.2d 1075, 1078 (S.D. Cal. 2006); *In re Goodyear Tire & Rubber Co. Derivative Litig.*, 2007 WL 43557, at *7 (N.D. Ohio Jan. 5, 2007). The Court agrees, and finds that SOX § 304 does not create an implied private right of action. Accordingly, that claim must be dismissed.

### B. Supplemental Jurisdiction

The five other causes of action set forth in the Complaint (breach of fiduciary duty, abuse of control, gross mismanagement, corporate waste, and unjust enrichment) all arise under state law. The Court has jurisdiction over these claims, if at all, based on supplemental jurisdiction. However, as explained, Plaintiffs' only effort to state a federal claim fails as a matter of law. The supplemental jurisdiction statute provides that the district court may decline to exercise jurisdiction over state law claims where the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction, the court weighs considerations of judicial economy, convenience, fairness and comity. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Sixth

---

[3] Plaintiffs contend the Court has federal question jurisdiction based on Count I, which raises the claim under SOX § 304, and supplemental jurisdiction over the state law claims asserted in Counts II through VI pursuant to 28 U.S.C. § 1367(a). (Compl. ¶ 4.)

Circuit has provided the following guidance: "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). After a 12(b)(6) dismissal of the federal claims, "there is a strong presumption in favor of dismissing supplemental claims." *Musson*, 89 F.3d at 1255.

The Court is reluctant to maintain supplemental jurisdiction in this case, where federal jurisdiction is based solely on the assertion by Plaintiffs of what essentially is non-existent federal claim. While arguments can be made that judicial economy and convenience considerations militate in favor of exercising supplemental jurisdiction, given that this Court has pending before it companion cases under federal securities law and ERISA against the same defendants, the Court finds that such considerations do not overcome the strong presumption in favor of dismissal. The Court has serious concerns that exercise of supplemental jurisdiction over the state law claims in this case, where the only federal claim pleaded by Plaintiffs is one that has never been recognized to exist as a private right of action and is asserted against only three of eighteen total defendants, would expand improperly the scope of federal jurisdiction. That being the case, the Court exercises its discretion to decline supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3).[4] Accordingly, these claims are dismissed without prejudice.

---

[4] The Court notes that dismissal of Plaintiffs' state law claims also would be warranted under 28 U.S.C. § 1367(c)(2), which allows the court to decline supplemental jurisdiction if the state claim substantially predominates over the claim or claims over which the district court has original jurisdiction. The state law claims in the Complaint for breach of fiduciary duty, mismanagement, corporate waste, etc., clearly predominate over the single federal claim brought (in the Court's view, without a solid basis in law) under SOX § 304. This is a clear case "where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995) (citations omitted).

### III. Conclusion

For the foregoing reasons, the motions to dismiss by the Individual Defendants (Doc. No. 27) and nominal defendant Diebold (Doc. No. 30) are **GRANTED**. Plaintiff's federal law claim for disgorgement under SOX § 304 is **DISMISSED**, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). The Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state law claims. Those claims are dismissed without prejudice. This case is closed.

**IT IS SO ORDERED**.

Dated: February 29, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**